# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 12-132V
### (Not to be published[1])

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                      *
RACHEL M. WHITING,                    *
                                      *
              Petitioner,             *        Filed: June 19, 2013
                                      *
       v.                             *        Decision by Stipulation; Human
                                      *        Papilloma Virus (HPV); Chronic
SECRETARY OF HEALTH AND               *        Neutrophilic Urticaria
                                      *
HUMAN SERVICES                        *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

### DECISION

**HASTINGS,** **Special Master**.

      This is an action seeking an award under the National Vaccine Injury Compensation Program[2] on account of an injury suffered by Rachel M. Whiting. On June 18, 2013, counsel for both parties filed a Stipulation, stipulating that a decision should be entered granting compensation. The parties have stipulated that petitioner shall receive the following compensation:

---

[1] Because this document contains an explanation for my action in this case, I intend to post this document on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Therefore, as provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, this entire document will be available to the public. *Id.*

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006 ed.). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2006 ed.).

●	A lump sum of $210,000.00, in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Under the statute governing the Program, as well as the "Vaccine Rules" adopted by this court, the special master must now enter a decision endorsing that stipulation, and the clerk must enter judgment, in order to authorize payment of the award.  See § 300aa-12(d)(3)(A) and (e)(3); § 300aa-13(a); Vaccine Rules 10(a), 11(a).[3]

I have reviewed the file, and based on that review, I conclude that the parties' stipulation appears to be an appropriate one.  Accordingly, my decision is that a Program award shall be made to petitioner in the amount set forth above.  In the absence of a timely-filed motion for review of this Decision, the clerk shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**


/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

---

[3]  The "Vaccine Rules of the United States Court of Federal Claims" are found in Appendix B of the Rules of the United States Court of Federal Claims.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| RACHEL M. WHITING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 12-132V **(ECF)** |
| v. | ) | Special Master Hastings |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.      Rachel M. Whiting ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly sustained following petitioner's receipt of the human papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2.      Petitioner received HPV vaccines on November 3, 2008, and January 20, 2009.

3.      The vaccines were administered within the United States.

4.      Petitioner alleges that she subsequently suffered chronic neutrophilic urticaria, which petitioner alleges was caused-in-fact by her receipt of the HPV vaccines. Petitioner further alleges that she experienced the residual effects of her injuries for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6.      Respondent denies that the HPV vaccines caused petitioner's alleged adverse

reaction and residual effects, or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $210,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

2

to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of herself, her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of, petitioner resulting from, or alleged to have resulted from, the HPV vaccines administered on November 3, 2008, and January 20, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about February 27, 2012, in the United States Court of Federal Claims as petition No. 12-132V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.    This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that petitioner's alleged injury and residual effects, or any other injury, were caused-in-fact by the HPV vaccines.

18.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

_RACHEL M. WHITING_
RACHEL M. WHITING

ATTORNEY OF RECORD FOR
PETITIONER:

_CHRISTINE A. TENNYSON_
CHRISTINE A. TENNYSON
The Tennyson Law Offices
425 Pleasant Street
Brockton, MA 02301
(508) 559-8678

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_VINCENT J. MATANOSKI_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_VITO CASERTA_
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
   Injury Compensation (DVIC)
Director, Countermeasures Injury
   Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
   and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: __6 | 18 | 13__

ATTORNEY OF RECORD FOR
RESPONDENT:

_VORIS E. JOHNSON, JR._
VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136

5